FILED
SUPERIOR COURT
OF GUAM

2023 NOV -9 AM 10: 10

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0179-21** |
| | ) | GPD Report No.: 21-05187 |
| | ) | |
| vs. | ) | |
| | ) | **DECISION & ORDER RE.** |
| | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **EXPUNGEMENT FOLLOWING** |
| ANSNER MAURICIO, | ) | **DISMISSAL WITHOUT PREJUDICE** |
| DOB: 08/16/2000 | ) | |
| | ) | |

## **INTRODUCTION**

This matter is before the Honorable Judge Maria T. Cenzon on the People's Motion to Dismiss Without Prejudice (the "Motion"). Present during the motion hearing on June 13, 2023, were Defendant Ansner Mauricio, Assistant Public Defender Zachary Taimanglo and Assistant Attorney General Leah Diaz-Aguon. Through his counsel, Defendant stated his non-objection to the dismissal of the case against him without prejudice; however, also sought expungement. The Court granted the People's Motion but retained jurisdiction over the matter on the issue of expungement and issued a briefing schedule. *Briefing Schedule Order* (July 14, 2023). On July 20, 2023, the Defendant filed his Response to Motion to Dismiss without Prejudice and, following the closing of the pleadings with the People filing no responsive brief, on August 15, 2023, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(E) of the LOCAL RULES OF

THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001. After considering the pleadings on file with the Court and after reviewing the applicable statutes and case law, the Court now issues this Decision and Order **DENYING** the Defendant's request for expungement.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with three (3) counts of Third Degree Criminal Sexual Conduct (As a 2nd Degree Felony), in violation of 9 GCA §25.25(a)(1) and (b), and Second-Degree Custodial Interference (As a 3rd Degree Felony) in violation of 9 GCA § 22.50(b)(1), against the alleged victim V.S. (DOB: 01/15/2006). *Indictment,* Apr. 8, 2021. These charges stem from multiple incidents which are alleged to have occurred on or about the period between January 1, 2021, and February 28, 2021. *Id.* During the alleged incidents, Victim was a minor **(DOB:01/15/2006)** at least fourteen (14) years of age, but less than sixteen (16). *Id.*

On March 29, 2023, the People filed its Motion to Dismiss Without Prejudice ("Motion") requesting dismissal pursuant to 8 GCA § 80.70(a) and, specifically, that dismissal without prejudice was warranted in the interest of justice because the Victim relocated off-island and does not wish to return to the island and pursue charges. *Id.* As such, the People concede that it will not be able to satisfy its burden of proof beyond a reasonable doubt. *Id.* It was not clear whether the People intend to refile charges in the future.

On June 13, 2023, the Court held a hearing on the People's Motion; however, Defendant had not submitted any responsive brief within the time set forth in the CR1.1(b) Notice of Motion of April 12, 2023. During the hearing, the Defendant, through counsel, stated that he did not oppose dismissal without prejudice, but sought an expungement of the case as against him. *Mot.*

*Hrg.* at 10:06:47 AM to 10:05:55 AM (June 13, 2023). The Court granted the dismissal on the record and reserved jurisdiction to determine the question of expungement.

On July 20, 2023, the Defendant filed his Response to Motion to Dismiss Without Prejudice ("Response") in advance of the July 24, 2023, deadline set forth in the Court's Briefing Schedule Order. *Briefing Sched. Order* (July 14, 2023). In his Response, the Defendant requests the Court expunge the official records of the court, the Office of the Attorney General and the police reports in connection with this case under 8 GCA §11.10(a) arguing, generally, that "[t]he Government has moved for dismissal which satisfies a condition of expungement. The only circumstance where expungement would not be granted, where the defendant has to register as a sex offender, has not been triggered by conviction." *Response* at 2. The People did not file a reply.

On August 15, 2023, the Court determined that oral arguments were not necessary, and took the matter under advisement. *See* CR1.1 Form 3, Aug. 15, 2023.

## LAW AND ANALYSIS

Defendant brings the instant request for expungement pursuant to 8 GCA § 11.10 (the expungement statute"), which reads in relevant part:

> The official records of the court, the Attorney General, and the police reports in connection therewith dealing with a violation or attempted violation by an adult of territorial law or a regulation having the force and effect of law *shall* be expunged when the subject of the report is acquitted of the offense charged, when the prosecuting attorney decides *not* to prosecute the offense, when the time for commencing the criminal action as prescribed by Chapter 10 of this Title has passed, or on approval of the Pardon Review Board when a pardon is granted pursuant to §1422 of the Organic Act of Guam, *except* for the pardon of a felony offense involving violence. Expungement *shall not* occur for an offense which requires a person to register as a sex offender, as defined in § 89.03 of Title 9, Guam Code Annotated, until the defender's name is removed from the registry.

8 GCA § 11.10(a).

The Supreme Court of Guam has ruled that the mandatory language of the statute makes clear that "local courts are compelled to expunge… where a (1) Defendant has been acquitted, (2) where the People decline to prosecute, and (3) where the [applicable] statute of limitations has expired." *People v. Lau*, 2007 Guam 4 ¶ 9 (2007). Under Guam law, "expungement means the sealing of records to all persons outside of the law enforcement agencies of Guam and federal agencies entitled thereto and a refusal by such agencies to admit the existence of such records to persons not entitled to examine them." 8 GCA § 11.11.

Interpreting the expungement statute, the Supreme Court's nearly twenty-year long ruling in *Lau* has remained unchanged that "when a party requests expungement pursuant to 8 GCA § 11.10, he should do so in a separate civil case. The expungement proceeding will be a civil matter governed by civil rules, and an appeal of right will be available from a final civil judgment by the Superior Court under 7 GCA § 3108(a)." *Lau* at ¶ 6. The Supreme Court has already directed parties seeking expungement to do so in a separate civil case, not within the same criminal case *with limited exceptions,* as discussed herein.

Where, such as here, no judgment of criminal conviction has been entered against a Defendant seeking expungement due to the prosecution's dismissal of a case due to its inability to satisfy its burden of proof, the Supreme Court further clarified in *People v. Wai Lam Ho* that expungement is only appropriate if it was part of a specifically negotiated term in a deferred plea agreement or a diversion or under one of the statues which expressly provides for it (none of which are applicable here):

> Expungement orders may issue in a criminal case when no final judgment of criminal conviction has been entered. This includes cases where there is a deferred plea agreement in which the possibility of expungement is specifically negotiated

and provided for in the plea agreement, as well as cases where diversion is ordered. Moreover, expungement motions may still be brought in criminal proceedings without the need to file a separate civil action in cases involving one of the offense-specific statutes that expressly provide for expungement - namely, 5 GCA § 63710, 9 GCA § 30.80.3, and 9 GCA § 67.412. *Id.* (2005).

*Wai Kam Ho,* 2009 Guam 18 at ¶ 32 n.8. Thus, while the *Ho* footnote alludes to the appropriateness of an expungement attendant to a criminal case (e.g., deferred plea with negotiated expungement in its terms or diversion), none of those circumstances applies here. *Id.*

## 1. People's dismissal without prejudice is not equal to decline of prosecution.

The Defendant seems to argue that the People's decision to dismiss this case without prejudice is equal to the instance when the People "decline to prosecute" under *Lau.* These are clearly two distinct situations.

8 GCA § 25.30 addresses the situation where the prosecution determines that the offense should not be prosecuted and provides as follows:

**§ 25.30. Notice to Appear; Where Delivered.**

The officer shall forthwith deliver the copy of the notice to appear to the prosecuting attorney charged with the duty to prosecute the offense charged. At or before the time at which the person promised to appear, if the prosecuting attorney determines that the offense should be prosecuted, he shall file the notice to appear and a complaint and affidavits which satisfy the requirements of § 45.20 in the court in which the person has promised to appear. *If the prosecuting attorney determines that the offense should not be prosecuted he shall make a reasonable effort to notify the person arrested that his appearance will not be required.*

Updated Through P.L. 36–102(June 15, 2022)

**NOTE**: Section 25.30 provides a means for notice to the prosecuting attorney of the offense charged and the scheduled appearance. *If the prosecuting attorney determines that the offense charged should be prosecuted, he must file a complaint and affidavits showing probable cause in the court at or before the scheduled time of appearance. If the prosecuting attorney determines that the offense should not be prosecuted, a reasonable attempt should be made to notify the person arrested*

*that his appearance will not be required. It should be noted, however, that control of the prosecution of the case is placed with the prosecuting attorney.*

8 GCA § 25.30 (emphasis added).

Here, the People undeniably decided to prosecute the Defendant, as evidenced by the Indictment filed against him and the Summons issued to compel his appearance. *Indictment* (April 8, 2021); *Amended Summons* (April 14, 2021). However, in keeping with its duty of candor to the Court, the People, aware that it would be unable to satisfy its burden of proof beyond a reasonable doubt in the absence of the Victim, sought the Court's order of dismissal without prejudice under 8 GCA § 80.70(a). The Defendant did not oppose the dismissal without prejudice and the Court granted the Motion to Dismiss Without Prejudice finding good cause to do so, which the Court shall reiterate here:

Based upon the averments in the Indictments, the alleged Victim is a minor over the age of 14 but younger than 16 years old, has relocated off-island and does not wish to pursue the case at this time. Although no specific reasons were articulated for the minor Victim's decision to not pursue the charges at this time, the Court finds that it would be contrary to the public interest if the Court permanently precluded the charges from being brought should the minor return to Guam and wish to pursue the charges within the statute of limitations.

Thus, the Court finds that this is not the second scenario addressed in *Lau* where the People have declined to prosecute the Defendant under 8 GCA § 25.30, but a dismissal in the interest of justice pursuant to 8 GCA § 80.70 (a).

//

//

**2. The Statute of Limitations does not bar a future prosecution of the Charges.**

The Statute of Limitations for the charges of Third Degree Criminal Sexual Conduct (As a 2nd Degree Felony), which are violations of 9 GCA §25.25(a)(1) and (b) "may be commenced at any time." 9 GCA § 10.16. Section 10.16 provides as follows:

> **§ 10.16. No Limitation on Sex Crimes Committed Against Victims Under the Age of Majority.**
>
> If the offense is a violation of Chapter 25 of Title 9, Guam Code Annotated, and the victim was under the age of majority or the victim's mental comprehension and capacity was below the age of adolescence at the time the offense was committed, a prosecution of the offense may be commenced at any time. This Section applies to any such offense except an offense the prosecution of which would have been barred by § 10.15 of this Chapter on or before enactment of this Act.

This factor alone weighs heavily against the expungement of the charges against the Defendant in this case.

The Defendant has submitted no legal authority that allows this Court to deviate from the explicit directives from the Supreme Court in *Lau* and *Ho*. Accordingly, the Court must deny the Defendant's request for expungement.

## CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that the Defendant's request for expungement is **DENIED**. This case is **CLOSED**.

SO ORDERED this NOV. 9, 2023 .

_____
HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam